NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **Thomas Mullins** | |
| Plaintiff, | Civil Action No.07-cv-1029 (PGS) |
| v. | |
| **Susan Crippen/Mullins, Paula Howard, and J. Doe,** | **OPINION** |
| Defendants. | |

The Court dismisses this Complaint on its own motion. The Court lacks jurisdiction to hear this matter.

From a review of the Complaint, the facts are as follows. The plaintiff is imprisoned in Somerset, Pennsylvania. Prior to his imprisonment he resided in Pennsylvania. His estranged wife presently lives in Newtown, Pennsylvania, but works for the Plainfield School District in Plainfield, New Jersey. Their child, S.M., as referred to in the Complaint, resides with the mother and attends school in the district in which his mother is employed.

Plaintiff seeks a copy of his son's school records. Neither the mother nor the school district will consent to turning over the records. In addition, plaintiff seeks an Order to compel that the child be schooled in the Council Rock School District in Newtown, Pennsylvania. Plaintiff further alleges there is no decree of divorce, custody, or support.

I.

The federal courts are courts of limited jurisdiction. The Complaint does not meet the stringent jurisdictional requirements for several reasons. First, the court only has jurisdiction over matters in which there is complete diversity of citizenship. In this case, the plaintiff and his estranged wife both reside in Pennsylvania. As a result, the diversity test is not met. *See*, *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990); *Lincoln Property Company v. Christopher Roche*, 126 S. Ct. 606 (2005). In addition, a diversity claim must have value of at least $75,000.00 before the Court has jurisdiction. In paragraphs 33 and 34 of the Complaint, Plaintiff only demands $50,000 in total. Hence, the Complaint does not meet that requirement. *See, generally, Munro v. Golden Rule Ins. Co.*, 393 F. 3d 720 (9th Cir. 2004).

Secondly, the Complaint taken as a whole, essentially concerns the status of the marriage and the custody of the child. The federal courts have traditionally "declined to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F. 2d 1547, 1558 (9th Cir. 1986). *See, generally*, *Ankenbrandt v. Richards*, 504 U.S. 689, 694 (1992). There is nothing in this case which would entice the Court to reexamine this rule.

Lastly, the plaintiff is seeking records from the Plainfield School District, an entity, both corporate and politic, of the State of New Jersey. In order to obtain such records, the plaintiff must follow the procedures set forth in the Open Public Records Act, *N.J.S.A.* 47:1A-2. The plaintiff must exhaust those procedures before filing an action in the appropriate court.

March 13, 2007

      *s/Peter G. Sheridan*
      PETER G. SHERIDAN